## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DENISE JOY DUBUIS,** | : |
| | : |
| **Plaintiff,** | : |
| | : PRISONER |
| v. | : No. 3:06CV01443(DJS) |
| | : |
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **Defendant.** | : |

### MEMORANDUM OF DECISION AND ORDER

The Plaintiff, Denise Joy DuBuis ("the Plaintiff"), an inmate currently confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), brings this action <u>pro se</u> against the Defendant, the United States of America ("the Defendant") pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 <u>et seq.</u>[1] She alleges that she was injured when she slipped and fell in the prison compound. The Defendant has filed a

---

[1] In her complaint, the Plaintiff states that "[j]urisdiction is involked [sic] in the court pursuant to diversity jurisdiction." (Dkt. # 1.) The court points out, however, that for the court to have jurisdiction over an action based on diversity of citizenship, the matter in controversy must not only exceed the sum or value of $75,000, but also be between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). The Plaintiff has claimed damages in excess of $75,000, but the Defendant is neither a "citizen" of any State or foreign government, nor a foreign government itself. Thus, jurisdiction here cannot be based on diversity of citizenship between the parties. Nevertheless, this court does have jurisdiction over the Plaintiff's claims because her complaint is brought pursuant to a federal statute, <u>see</u> 28 U.S.C. § 1331, and "the district courts . . . have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1).

motion for summary judgment (dkt. # 19.)  For the reasons that follow, the Defendant's motion for summary judgment **(dkt. # 19)** is **GRANTED**.

## I. FACTS[2]

On the evening of December 14, 2004, the Plaintiff claims that, while walking to her Unit at FCI Danbury, she slipped on a sidewalk at the compound, caught her foot on a raised and uneven portion of the pavement, and fell, striking her head on the concrete.  She was subsequently taken to the medical department and treated for cuts and bruises.  An x-ray revealed no fractures and a subsequent CT scan was normal.

On January 4, 2005, the Plaintiff filed an administrative

---

[2]The facts are taken from the Defendant's Rule 56 Statement of Undisputed Facts (dkt. # 19-3) and the supporting exhibits and deposition transcript and the exhibits attached to Plaintiff's memorandum in opposition to the motion (dkt. # 20).  Local court rules require plaintiffs to file, as a separate document, a Local Rule 56(a)2 Statement which indicates whether each of the statements in the defendant's Rule 56(a)1 statement is admitted or denied and includes a separate section containing a list of each material fact for which she contends there is a genuine issue to be tried.  See D. Conn. L. Civ. R. 56(a)2.  Each denial must be supported by a specific citation to an affidavit or other documentary evidence admissible at trial and that evidence must be attached to the Local Rule 56(a)2 Statement.  See D. Conn. L. Civ. R. 56(a)3.  The Plaintiff has not complied with this requirement.  Instead of providing a Local Rule 56(a)2 Statement, the Plaintiff noted her disagreement with some of the statements on a copy of one page of defendant's Rule 56(a)1 statement, and in her opposition memorandum, she disputes that her injuries were minimal.  Furthermore, the Plaintiff did not provide citations to any admissible evidence. The court is well aware, however, that "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (internal quotation marks omitted).  In deference to the Plaintiff's pro se status, and because the Plaintiff is an inmate who presumably does not have access to the resources that a non-inmate pro se party would have, the court, to the extent possible, will regard the Plaintiff's version of the facts contained in her opposition (excluding arguments or conclusory statements) as responsive to the Defendant's Local Rule 56(a)(1) Statement.  Nevertheless, for the purposes of this motion, the court shall deem admitted all facts set forth in the Defendant's compliant Local Rule 56(a)(1) Statement that are supported by the evidence and not refuted by the Plaintiff's opposition memorandum.

tort claim with the Bureau of Prisons seeking damages for a "knot on forehead the size of a golf ball, 2 blackened eyes, soreness around nose, bloodshot eyes, migraines, vertigo, neck injury, stammering, memory loss, [and a] concussion." (Dkt. # 19-3, Ex. 2.) The claim was denied initially on June 14, 2005, and again on reconsideration on March 20, 2006, and the Plaintiff was informed that she could bring an action against the United States. (See id., Exs. 3 & 5.) The Plaintiff commenced this action by complaint filed on September 13, 2006.

## II. DISCUSSION

The Plaintiff alleges that the Defendant was negligent in its management of the condition of the pavement at FCI Danbury, and as a result she suffered physical injuries and emotional distress. The Defendant moves for summary judgment on the grounds that the Plaintiff has failed to exhaust her administrative remedies for some of her claims, and that all of the Plaintiff's claims fail as a matter of law. The court shall discuss the Defendant's arguments seriatim.

### A. SUMMARY JUDGMENT STANDARD

A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Summary judgment is appropriate if, after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catreet, 477 U.S. 317, 323 (1986). "The burden is on the moving party 'to demonstrate the absence of any material factual issue genuinely in dispute.'" Am. Int'l Group v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981) (quoting Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975)).

A dispute concerning a material fact is genuine "' if evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The Court must view all inferences and ambiguities in a light most favorable to the nonmoving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Id. Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

B. FEDERAL TORT CLAIMS ACT

The Plaintiff brings her claims against the Defendant under the Federal Tort Claims Act ("FTCA"), pursuant to which the federal government waives its sovereign immunity to suits stemming from the negligent acts of its employees in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the incident occurred in Connecticut, Connecticut law applies. See 28 U.S.C. § 1346(b)(1)

Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ." 28 U.S.C. § 2675(a). That is, "[t]he FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005); see McNeil v. United States, 508 U.S. 106, 113 (1993).

1. Pain and Suffering/Emotional Distress

The Defendant first argues that the Plaintiff's claims for pain and suffering and emotional distress are not cognizable

5

because she did not reference either claim in the administrative tort claim submitted to the Bureau of Prisons. Based on the Plaintiff's complaint, which alleges that she suffered harm "due to the [D]efendant's intentionally humiliating the [P]laintiff" (dkt. # 1 ¶ 16), the court assumes that the Plaintiff's emotional distress claim is an intentional infliction of emotional distress claim. The Plaintiff argues that she could not assert these claims because she "could not claim pain & suffering on a tort claim[,] only facts." (See dkt. # 20.)

The FTCA requires that each claim first be presented to the appropriate federal agency. The Defendant has provided a copy of the administrative tort claim form submitted by the Plaintiff to the Bureau of Prisons. (See dkt. # 19-3, Ex. 2.) In question 8 of the tort claim form, the Plaintiff was required to state the facts and circumstances which led to her injury. (See id.) In question 10, however, she was required to "state nature and extent of each injury . . . which forms the basis of the claim." (See id.) Thus, the Plaintiff is mistaken when she argues that she was permitted to include "only facts"[3] in her tort remedy.

---

[3] It is not entirely clear what the Plaintiff means that she could assert "only facts" in her tort claim form. It is the court's belief that the Plaintiff meant that she was permitted to set forth only the factual circumstances of her fall. As the court has noted, this is a misreading of the tort claim form itself. In addition, if the Plaintiff has suffered pain and suffering and emotional distress as a result of her fall, such suffering also would constitute a "fact" that, even under the Plaintiff's understanding of the tort claim procedure, should be included in her tort claim form. Furthermore, in her tort claim form, the Plaintiff (in contradiction to her "only facts" assertion) expressly describes certain physical injuries, yet omits any claim of "pain and suffering" or "emotional distress."

6

Furthermore, the Plaintiff did, in fact, describe the results of her fall. In response to question 10, the Plaintiff wrote that her injuries consisted of a "knot on forehead the size of a golf ball, 2 blackened eyes, soreness around nose, bloodshot eyes, migraines, vertigo, neck injury, stammering, memory loss, [and a] concussion." (See id.) The Plaintiff did not mention pain and suffering or emotional distress. Thus, the court cannot discern how the agency could have been aware that the Plaintiff sought damages for pain and suffering or emotional distress. The court therefore concludes that the Plaintiff did not present her claims for pain and suffering or emotional distress to the Bureau of Prisons before commencing this action. Accordingly, the defendant's motion for summary judgment is granted on the ground that the Plaintiff failed to exhaust her administrative remedy for these two claims.

The court also notes that, even if the Plaintiff's intentional infliction of emotional distress claim had been properly presented before the Bureau of Prisons, such a claim would fail as a matter of law. The Connecticut Supreme Court has stated that, in order to recover damages on the theory of intentional infliction of emotional distress,

> [i]t must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress and (4) that the

7

emotional distress sustained by the plaintiff was
severe.

<u>Peytan v. Ellis</u>, 200 Conn. 243, 253 (1986), <u>superseded by statute
on other grounds as recognized in</u> <u>Chadha v. Charlotte Hungerford
Hosp.</u>, 272 Conn. 776 (2005). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." <u>Appleton v.Bd. of Educ. of Town of Stonington</u>, 254 Conn. 205, 210 (2000). "'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" <u>Id.</u> at 210-11 (citing 1 Restatement (Second) of Torts § 46, comment (d) (1965)).

The Plaintiff has not provided sufficient evidence to support an intentional infliction of emotional distress claim. The Plaintiff has testified that certain prison staff members insulted or taunted her by "laughing at her because of [her] black eyes," saying that "she looks like a raccoon," and asking "who [she] got in a fight with?" or "what happened to your face?" (<u>See</u> dkt. # 19-3, Pl.'s Dep. at 124-27.) The Plaintiff also testified that two officers had told her "to go the lieutenant's office and stand there" because "they needed to talk to [her]," but they never showed up even though she had waited for thirty-five minutes. (<u>See</u> <u>id.</u> at 123-24.) Although this conduct is not

8

particularly neighborly, the court cannot find that it was "atrocious" or "utterly intolerable in a civilized community." See Appleton, 254 Conn. at 211 (finding that making "condescending comments," although "distressing and hurtful to the plaintiff. . . . do not . . . constitute extreme and outrageous conduct . . . ."); Lucuk v. Cook, No. CV 950050210S, 1998 WL 67412, at *5 (Conn. Super. Ct. Feb. 11, 1998) ("[C]ourts appear to agree that mere insults or verbal taunts do not rise to the level of extreme and outrageous conduct even when they include obnoxious activity like threats, insults or taunts . . . . Something more than mere verbal taunts are required."); see also Petrario v. Cutler, 187 F. Supp. 2d 26, 36-37 (D. Conn. 2002) (collecting cases). Therefore, the Plaintiff's intentional infliction of emotional distress claim, in addition to not being properly presented before the Bureau of Prisons, fails as a matter of law. Consequently, with regard to the Plaintiff's pain and suffering and intentional infliction of emotional distress claims, the Defendant's motion for summary judgment **(dkt. # 19)** is **GRANTED**.

2. Negligence

To prevail on a claim of negligence, a plaintiff must establish duty, breach of that duty, causation and actual injury. See Winn v. Posades, 281 Conn. 50, 56 (2007). The existence of a duty is a question of law. The court must determine whether the Defendant owed the Plaintiff a duty and the applicable standard

9

of care.  See Gordon v. Bridgeport Hous. Auth., 208 Conn. 161, 171 (1988).

In Connecticut, the duty of a defendant to a person on defendant's premises depends on the entry status of the person, that is, whether the person is a trespasser, licensee or invitee. See Considine v. Waterbury, 279 Conn. 830, 859 (2006).  From what the court can discern, no Connecticut case has determined the entry status of a prisoner.  Thus, for purposes of deciding this motion, the court assumes that the Plaintiff was owed the highest duty of care, that of an invitee.  "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . .  In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." Id. (internal quotation marks omitted).  Once the possessor of land is on notice of the defective condition, he must warn the invitee of the condition or take reasonable steps to correct it. See Kurti v. Becker, 54 Conn. App. 335, 340 (1999).

To prevail here, a plaintiff must show that the defendant had actual or constructive "notice of the presence of the specific unsafe condition" which caused her injury.  Kelly v. Stop and Shop, Inc., 281 Conn. 786, 794 (2007) (internal citation and quotation marks omitted).  Showing that a defendant had notice of conditions capable of producing the specific defect is insufficient to show that the defendant had notice of the

10

defect itself, even if the conditions did in fact produce the defect. See id. If, however, a plaintiff alleges that an affirmative act of the defendant caused an unsafe condition that produced the defect, notice of the defect is inferred. See id. at 795.

The Plaintiff alleges that she slipped on the sidewalk and, while trying to regain her balance, tripped on a crack or uneven section of the sidewalk. She fell and hit her forehead. The court considers separately the slippery sidewalk and the crack or uneven section of sidewalk.

At her deposition, the Plaintiff stated that she did not know why she slipped. She thought it might have been a patch of "black ice" or water that someone had spilled on the sidewalk. Because the Plaintiff does not allege that this condition was caused by the Defendant, she must show that the Defendant had actual or constructive notice of the condition causing the Plaintiff to slip. Plaintiff has provided no objective evidence indicating what was on the sidewalk when she slipped or that the Defendant had actual notice of the substance.

When determining whether the Defendant had constructive notice of the condition, the question is "whether the condition had existed for such a length of time that the [Defendant's] employees should, in the exercise of due care, have discovered it in time to have remedied it." Id. (internal citation omitted). Although this determination is a question of fact specific to

11

each case, evidence showing only the presence of a slippery substance is insufficient to warrant an inference of constructive notice. See id.

The Plaintiff has provided no evidence showing that there was ice or water on the sidewalk or, if so, for how long. She stated at her deposition that it was cold that night and that two hours earlier, a mist was falling (see dkt. # 19-3, Pl.'s Dep. at 44-45, 82), but she did not say whether there was either ice or water on the ground. She has provided no other evidence regarding the temperature or weather conditions. For example, although the Plaintiff states that there were inmate and staff witnesses to her fall, she has not provided an affidavit from any witness describing the fall or the condition of the sidewalk. At most, the Plaintiff alleged facts showing that conditions existed which might have led to the formation of ice on the sidewalk. This is insufficient as a matter of law to demonstrate that the Defendant had constructive notice of the alleged defect. Thus, the Plaintiff fails to state a claim for negligence regarding the alleged ice on the sidewalk.

Plaintiff alleges further that, while she was trying to regain her balance, her foot struck a crack or an uneven section of sidewalk, causing her to fall. Plaintiff provides no objective evidence of the actual condition of the sidewalk where she tripped. Instead, she argues that the Defendant admitted negligence in failing to keep the sidewalks in good repair. She

refers the court to the June 14, 2005 denial of her administrative tort claim, in which the Bureau of Prisons stated that "[t]he uneven areas of the walkway at FCI Danbury . . . have been that way for some time." (See dkt. # 19-3, Ex. 3.)

Even if the court were to assume that the Plaintiff has shown the Defendant was on notice of a defective condition of the sidewalk, this does not, by itself, establish negligence. The Plaintiff also must show that the Defendant neither warned her of the condition nor corrected it. Plaintiff provides evidence that some sections of the sidewalks, including the section relevant to this action, had been scheduled to be repaired prior to the incident, and that the repairs have been performed. (See dkt. # 20, Administrative Remedies forms.) Thus, the Defendant had taken reasonable steps to correct the condition, which causes the Plaintiff's negligence claim to fail.

In addition, the Plaintiff has testified that she had walked on or near that portion of the sidewalk many times prior to her fall and was aware of the uneven condition of the sidewalk. (See dkt. # 19-3, Pl.'s Dep. at 86.) Before her fall, she had seen prison officers and other inmates trip over cracks and crevices in the compound, and she knew that she should watch where she was walking. (See id. at 91.) Thus, the Plaintiff had actual knowledge of the condition of the sidewalk. As the Connecticut Supreme Court has held, "[t]he duty to warn . . . does not arise if an invitee already has actual knowledge of the dangerous

condition." Fleming v. Garnett 231 Conn. 77, 84 (1994); see Warren v. Stancliff, 157 Conn. 216, 220 (1968) ("The possessor of land has no duty to warn an invitee of a dangerous condition when the invitee has actual knowledge of the condition. . . . The failure to warn an invitee of something he already knows is without legal significance.") (internal citations omitted); Kraus v. Newton, 14 Conn. App. 561, 569 (1988) ("Warning an invitee against dangers which are either known to him or are so obvious to him that he may be expected to discover them is unnecessary.") (citations omitted); see also Roy v. Kohl's Dept. Stores, Inc., No. 3:04CV581 (DJS), 2006 WL 287187, at *2 (D. Conn. Feb. 7, 2006). Because the Defendant had no obligation to warn the Plaintiff of an obvious danger of which she was aware, the Plaintiff's negligence claim regarding the uneven sidewalk fails as a matter of law.

The court does not doubt the Plaintiff when she states that she sustained some form of injury as a result of her fall. To be legally actionable, however, any such injury must have resulted from the Defendant's negligence. Although the court sympathizes with the Plaintiff, she has not satisfied the elements of a negligence claim under Connecticut law. Consequently, with regard to the Plaintiff's negligence claim, the Defendant's motion for summary judgment **(dkt. # 19)** is **GRANTED.**

14

## III. CONCLUSION

For the foregoing reasons, the Defendant's motion for summary judgment **(dkt. # 19)** is **GRANTED**.  Judgment in favor of the United States of America shall enter on all claims in the complaint.  The Clerk of the Court shall close this file.

**SO ORDERED** this 12th day of February, 2008.

/s/DJS

**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**